IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JESSY GOZUM, | CV. 06-804-AS |
| Plaintiff, | OPINION |
| v. | |
| THE STATE OF OREGON, and the WORKERS' COMPENSATION BOARD and ABIGAIL HERMAN, BOARD CHAIR of the WORKERS' COMPENSATION BOARD, | |
| Defendant. | |

ASHMANSKAS, Magistrate Judge:

Plaintiff, Jessy Gozum ("Plaintiff"), filed this action seeking to have an Oregon statute allowing workers' compensation carriers to revoke and terminate an award of workers' compensation disability benefits without a pretermination hearing declared unconstitutional. The parties have filed cross-motions for summary judgment, which are presently before the court.

## Background

Plaintiff asserted no objections to Defendants' Statement of Material Facts in Support of Defendants' Motion for Summary Judgment on Third Amended Complaint. Accordingly, the courts adopts this statement of facts as set forth below:

1. In 2004, plaintiff was employed at a company whose workers' compensation coverage was provided by Liberty Northwest Insurance Corp. ("Liberty").[1]

2. In or about February of 2005, plaintiff submitted to Liberty a notice of workers' compensation claim asserting that his right knee had been injured in August 2004, while on the job.

3. Liberty accepted plaintiff's workers' compensation claim for plaintiff's right knee injury and began making regular disability benefit payments to plaintiff. Liberty also paid for two surgeries to plaintiff's right knee.

4. On or about February 10, 2006, plaintiff's physician recommended a third surgery to plaintiff's right knee.

5. On or about February 22, 2006, Liberty notified plaintiff that Liberty was requesting an independent medical examination to determine if the third surgery was medically reasonable to treat plaintiff's injury. Such an examination was conducted on or about March 14, 2006, and a report of that examination was prepared by the examining physician.

6. On or about May 26, 2006, Liberty notified plaintiff that Liberty was revoking the acceptance of plaintiff's workers' compensation claim related to plaintiff's right knee and immediately ended all workers' compensation payments to plaintiff, asserting that Liberty had new information that plaintiff's injury occurred off the job.

7. In that May 26, 2006, notice, Liberty explained to plaintiff that its revocation was based on its having information that plaintiff "did suffer an acute injury to [his] knee off the job" and that the acute off the job injury, combined with a pre-existing developmental condition, was the cause of plaintiff's need for medical treatment.

8. That May 26, 2006, notice also contained two paragraphs of information in bold type explaining to plaintiff his procedural rights to challenge the Liberty

---

[1] The references to the record have been omitted.

revocation of acceptance.

9. On or about June 1, 2006, plaintiff filed a civil action in Multnomah County Circuit Court against Liberty, alleging that Liberty's revocation of acceptance of plaintiff's workers' compensation claim was in violation of plaintiff's federal constitutional due process rights. On or about June 7, 2006, Liberty removed that action to this court.

10. On or about June 9, 2006, plaintiff filed in this court a First Amended Complaint substantially similar to the original complaint, but adding the State of Oregon and the Workers' Compensation Board of the State of Oregon ("WCB") as defendants. On or about August 21, 2006, plaintiff filed a Third Amended Complaint dropping Liberty as a defendant but adding Abigail L. Herman as a defendant in her official capacity.

11. On or about June 19, 2006, plaintiff appealed Liberty's revocation of acceptance of plaintiff's workers' compensation claim to the WCB. At no time has plaintiff requested an expedited hearing, although WCB administrative rules authorize such a request in cases of financial or medical exigency.

12. A full evidentiary hearing was held on plaintiff's dispute with Liberty before an Administrative Law Judge on August 28, 2006. Plaintiff appeared, participated, and was represented by counsel. In addition to the August 28, 2006, hearing, plaintiff and Liberty are scheduled to participate in a WCB mediation session on October 5, 2006.

13. As part of his administrative proceeding before the WCB, on August 25, 2006, plaintiff filed with the WCB a hearing memorandum asserting the same procedural due process complaint he asserts in this federal court action and taking the position that the WCB is empowered to rule on that due process complaint.

14. Plaintiff has private insurance with Blue Cross that covers treatment for his right knee injury. That insurance would pay for surgery on plaintiff's right knee with a 20% deductible.

The relief sought by Plaintiff in his Third Amended Complaint is:

1. For the court to declare O.R.S. 656.262(6)(a) unconstitutional in violation of the Due Process Clause.

2. For the court to issue an injunction against Defendant's Workers' Compensation Board and Abigail Herman to end the unilateral termination of the plaintiff's property rights prior to being heard.

3. For this court to award attorney fees under 42 U.S.C. §1988.

O.R.S. 656.262(6)(a) provides:

Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim. Once the claim is accepted, the insurer or self-insured employer shall not revoke acceptance except as provided in this section. The insurer or self-insured employer may revoke acceptance and issue a denial at any time when the denial is for fraud, misrepresentation or other illegal activity by the worker. If the worker requests a hearing on any revocation of acceptance and denial alleging fraud, misrepresentation or other illegal activity, the insurer or self-insured employer has the burden of proving, by a preponderance of the evidence, such fraud, misrepresentation or other illegal activity. Upon such proof, the worker then has the burden of proving, by a preponderance of the evidence, the compensability of the claim. If the insurer or self-insured employer accepts a claim in good faith, in a case not involving fraud, misrepresentation or other illegal activity by the worker, and later obtains evidence that the claim is not compensable or evidence that the insurer or self-insured employer is not responsible for the claim, the insurer or self-insured employer may revoke the claim acceptance and issue a formal notice of claim denial, if such revocation of acceptance and denial is issued no later than two years after the date of the initial acceptance. If the worker requests a hearing on such revocation of acceptance and denial, the insurer or self-insured employer must prove, by a preponderance of the evidence, that the claim is not compensable or that the insurer or self-insured employer is not responsible for the claim. Notwithstanding any other provision of this chapter, if a denial of a preciously accepted claim is set aside by an Administrative Law Judge, the Workers' Compensation Board or the court, temporary total disability benefits are payable from the date any such benefits were terminated under the denial. Except as provided in O.R.S.656.247, pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits or burial expenses. The insurer shall also furnish the employer a copy of the notice of acceptance.

O.R.S. 656.262(11)(a) provides for a 25 percent penalty plus attorney fees if the insurer or self-insured employer's revocation of claim acceptance is unreasonable.

### Legal Standard

Rule 56 of the Federal Rules of Civil Procedure allows the granting of summary judgment:

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).  "[T]he requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anthes v. Transworld Systems, Inc.</u>, 765 F. Supp. 162, 165 (Del. 1991) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986))(emphasis in original).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is absent. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322-24 (1986).  Once the movant has met its burden, the onus is on the nonmovant to establish that there is a genuine issue of material fact. <u>Id</u>. at 324.  In order to meet this burden, the nonmovant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see <u>Celotex</u>, 477 U.S. at 324.

An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome of the case. <u>Anderson</u>, 477 U.S. at 248.  Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id</u>. at 250.  On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Id</u>. at 249-50 (citations omitted).

## Discussion

Defendant argues that Plaintiff has alleged only a past violation of the Constitution and that, therefore, he has not stated a justiciable claim or controversy under Article III or the Eleventh Amendment.  "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101 (1983), citing <u>Flast v. Cohen</u>, 392

U.S. 83, 94-101 (1968). "Plaintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." Id. at 101, quoting Baker v. Carr, 369 U.S. 186, 204 (1962). Failure to meet such a requirement renders the case "moot". Id.

The burden of proof to overcome mootness rests firmly with the plaintiff. Nelsen v. King County, 895 F.2d 1248, 1251 (9th Cir. 1990). In order to meet such a burden, plaintiff must show a "credible threat of immediate future harm." Id. at 1254. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief * * * if unaccompanied by any continuing, present adverse effects." Lyons, 461 U.S. at 102, quoting O'Shea v. Littleton, 414 U.S. 488, 495 (1974). "'[P]laintiffs must demonstrate that a credible threat exists that they will again be subject to the specific injury for which they seek injunctive or declaratory relief.' A reasonable showing of a 'sufficient likelihood' that plaintiff will be injured again is necessary. The 'mere physical or theoretical possibility' of a challenged action again affecting the plaintiff is not sufficient." Nelsen, 895 F.2d at 1250 (citations omitted.) Plaintiff must go beyond showing a general probability that circumstances may produce future harm. He must show that "there is 'a very significant possibility' that the future harm will ensue." Id., citing Sample v. Johnson, 771 F.2d 1335, 1343 (9th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986). Plaintiff may demonstrate a calculable likelihood of recurrence by proving a "pattern" of violative behavior or a deliberate "plan" by the named defendants. Rizzo v. Goode, 423 U.S. 362, 375 (1976).

At oral argument, Plaintiff's counsel represented that the scheduled mediation successfully settled Plaintiff's disability claim with Liberty. This settlement moots Plaintiff's request for an injunction "to end the unilateral termination of the plaintiff's property rights prior to being heard."

Therefore, Plaintiff's sole remaining claim is for a declaration that O.R.S. 656.262(6)(a) is unconstitutional in that it does not provide for a hearing before workers' compensation benefits were rescinded.

Even if the court granted Plaintiff's request, Plaintiff's alleged injury (termination of his benefits without a hearing) would not be remedied. Plaintiff's workers' compensation benefits have already been cancelled in the absence of such a hearing and there is nothing the court can do to undo that action. There is no immediate threat to Plaintiff, only an alleged past exposure to illegal conduct. Additionally, any argument that Plaintiff may have had that the constitutional violation is capable of repetition is dramatically lessened, if not totally eliminated, by the settlement of his disability claim with Liberty. It is extremely unlikely that Plaintiff will suffer another on-the-job injury, will be awarded disability benefits and will have those benefits rescinded under the provisions of O.R.S. 656.262(6)(a).

Plaintiff has failed to present a justiciable claim or controversy to the court. Defendant is entitled to summary judgment.

## Conclusion

Defendants' motion (#36) for summary judgment is GRANTED. Plaintiff's motion (#42) is DENIED.

DATED this 18th day of October, 2006.

					_____
					DONALD C. ASHMANSKAS
					United States Magistrate Judge